PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiffs
JAMIE GANGWER and KELLY GANGWER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| JAMIE GANGWER and KELLY GANGWER,<br><br>        Plaintiffs,<br><br>   vs.<br><br>VERIZON WIRELESS; and DOES 1 to 10, inclusive,<br><br>        Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES
### I.     INTRODUCTION

1.     Jamie Gangwer and Kelly Gangwer ("Plaintiffs") bring this action to secure redress from Verizon Wireless ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Rosenthal

Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.     JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiffs' RFDCPA claim is so related to Plaintiffs' TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiffs reside here, and Defendant transacts business here.

## III.    PARTIES

4. Plaintiffs are individuals, residing in Elk Grove, Sacramento County, California.  Plaintiffs are natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiffs are "debtors" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. Defendant, Verizon Wireless, at all times relevant hereto, and in the ordinary course of business, engaged in the business of advertising and selling its services, and attempting to enforce debts in the State of California.

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt

collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states, including California.

7. Defendant Verizon Wireless ("Verizon"), is a New York business entity with an address of 2000 Corporate Drive, Orangeburg, New York 10962.

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

9. Within one year prior to the filing of this action, Defendant contacted Plaintiffs to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f) ("alleged debt").

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 916-288-8903, 916-288-8907, 916-288-8506, 916-288-8882, and 916-288-8885. At all times relevant to this action, Defendant called Plaintiffs from, but not limited to the above-mentioned telephone numbers.

11. At all times relevant to this action, Defendant called Plaintiffs at, but not limited to, Plaintiffs' cellular telephone number (916) 995-7312.

12. Within one year prior to the filing of this action, Defendant caused Plaintiffs' telephone to ring repeatedly and continuously to annoy Plaintiffs.

13. Within one year prior to the filing of this action, Defendant communicated with Plaintiffs with such frequency as to be unreasonable under the circumstances and to constitute harassment.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed numerous calls to Plaintiffs' cellular phone, through the usage of an auto-dialer, for the purpose of collecting a consumer debt.

15. On February 26, 2014, Plaintiffs received a call from Defendant at 5:44 p.m. Defendant called Plaintiffs from (916) 288-8903. Defendant hung up when Plaintiffs picked up the phone.

16. On February 27, 2014, Defendant called Plaintiffs at 8:41 a.m. Plaintiffs advised Defendant that they did not have the financial ability to pay Defendant, and requested that Defendant stop calling Plaintiffs on their cellular phone. As such, Plaintiffs expressly revoked any prior express consent allegedly given to Defendant to contact Plaintiffs on their cellular phone.

17. Despite the express revocation of consent to be called, Defendant continued to place auto-dialer calls to Plaintiffs' cellular phone, as outlined below.

18. On March 5, 2014, after receiving one of numerous calls from the auto dialer service used by Defendant, Plaintiffs, answered the phone, spoke with an agent, and requested *again* that Defendant stop calling him on his cellular phone.

19. Despite the requests, Defendant continued to use an automatic telephone dialing system to place phone calls to Plaintiffs' cellular phone on the following dates and times:

    a. 916-288-8506 on February 27, 2014 at 11:11 a.m.

    b. 916-288-8506 on February 27, 2014 at 8:11 p.m.

    c. 916-288-8903 on March 1, 2014 at 1:59 p.m.

    d. 916-288-8882 on March 3, 2014 at 3:13 p.m.

    e. 916-288-8882 on March 3, 2014 at 5:01 p.m.

    f. 916-288-8903 on March 4, 2014 at 3:10 p.m.

  g. 916-288-8907 on March 5, 2014 at 10:19 a.m.

  h. 916-288-8907 on March 5, 2014 at 12:21 p.m.

  i. 916-288-8907 on March 5, 2014 at 3:48 p.m.

20. After receiving the above-mentioned calls, on March 5, 2014, Plaintiffs *again* revoked any prior express consent allegedly given to Defendant to contact Plaintiffs on their cellular phone. However, Defendant continued to place the following calls through the usage of an auto-dialer:

  a. 916-288-8885 on March 5, 2014 at 11:04 a.m.

  b. 916-288-8885 on March 6, 2014 at 12:19 p.m.

  c. 916-288-8885 on March 6, 2014 at 2:07 p.m.

  d. 916-288-8885 on March 6, 2014 at 2:40 p.m.

  e. 916-288-8903 on March 7, 2014 at 10:49 a.m.

  f. 916-288-8903 on March 7, 2014 at 11:32 a.m.

  g. 916-288-8903 on March 7, 2014 at 2:38 p.m.

  h. 916-288-8903 on March 7, 2014 at 3:53 p.m.

21. After receiving the above-mentioned calls, on March 7, 2014, Plaintiffs *again* revoked any prior express consent allegedly given to Defendant to contact Plaintiffs on their cellular phone. However, Defendant continued to place the following calls through the usage of an auto-dialer:

  a. 916-288-8885 on March 10, 2014 at 12:34 p.m.

  b. 916-288-8506 on March 11, 2014 at 8:26 a.m.

  c. 916-288-8885 on March 12, 2014 at 11:33 a.m.

22. After receiving the above-mentioned calls, on March 12, 2014, Plaintiffs *again* revoked any prior express consent allegedly given to Defendant to contact Plaintiffs on their cellular phone. However, Defendant continued to place the following calls through the usage of an auto-dialer:

COMPLAINT FOR DAMAGES

a. 916-288-8907 on March 14, 2014 at 10:16 a.m.

b. 916-288-8907 on March 14, 2014 at 11:33 a.m.

c. 916-288-8907 on March 14, 2014 at 12:20 p.m.

d. 916-288-8885 on March 15, 2014 at 12:02 p.m.

e. 916-288-8907 on March 17, 2014 at 10:26 a.m.

f. 916-288-8506 on March 17, 2014 at 5:43 p.m.

g. 916-288-8885 on March 18, 2014 at 9:46 a.m.

h. 916-288-8885 on March 18, 2014 at 10:45 a.m.

i. 916-288-8918 on March 20, 2014 at 10:10 a.m.

j. 916-288-8907 on March 20, 2014 at 10:50 a.m.

k. 916-288-8907 on March 20, 2014 at 12:17 p.m.

l. 916-288-8907 on March 20, 2014 at 1:13 p.m.

m. 916-288-8885 on March 21, 2014 at 10:21 a.m.

n. 916-288-8885 on March 21, 2014 at 11:23 a.m.

o. 916-288-8885 on March 21, 2014 at 11:54 a.m.

p. 916-288-8903 on March 22, 2014 at 1:13 p.m.

q. 916-288-8885 on March 24, 2014 at 10:50 a.m.

r. 916-288-8885 on March 24, 2014 at 11:49 a.m.

s. 916-288-8885 on March 24, 2014 at 1:16 p.m.

t. 916-288-8903 on March 25, 2014 at 8:22 a.m.

Plaintiffs have suffered actual damages as a result of these unlawful collection communications by Defendant in the form of anger, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

23. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiffs in connection with the collection of the alleged debt.

24. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

25. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

26. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

27. Within four years prior to the filing of this action, Defendant called Plaintiffs at Plaintiffs' cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. § 227(a)(1)(A) and (B).

28. Defendant never received Plaintiffs' consent to call Plaintiffs on Plaintiffs' cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

29. Assuming Defendant received Plaintiffs' consent to call Plaintiffs on Plaintiffs' cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, February 27, 2014, March 5, 2014, March 7, 2014, and March 12, 2014.

30. At no time have Plaintiffs and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

31. Defendant is not a tax exempt nonprofit organization.

32. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiffs requested no less than four (4) times that Defendant stop calling Plaintiffs on Plaintiffs' cellular telephone.

33. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiffs no less than forty (40) times at Plaintiffs' cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.   FIRST CAUSE OF ACTION

## Violation of the Rosenthal Fair Debt Collection Practices Act
## CAL. CIV. CODE § 1788

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt,

after the consumer notifies the debt collector in writing that the consumer the consumer wishes the debt collector to cease further communication with the consumer; and

   (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiffs' phone to ring or engaging Plaintiffs in telephone conversations repeatedly; and

   (iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## VI. SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

 (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states

in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40.     Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

(a)     An injunction prohibiting Defendant from contacting Plaintiffs on Plaintiffs' cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)     Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

## VIII.  **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 1, 2014        **PRICE LAW GROUP, APC**

By: /s/ G. Thomas Martin, III
     G. Thomas Martin, III
     *Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES