UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GANGWER and KELLY GANGWER,<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON WIRELESS; and DOES 1 to 10, inclusive,<br><br>    Defendant. | No.  2:14-cv-00819-GEB-EFB<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

Plaintiffs filed a "Notice of Settlement" on June 16, 2014, in which they state: "Plaintiffs have settled their case with Defendant, VERIZON WIRELESS. The parties are in the process of finalizing settlement, and Plaintiffs anticipate the settlement will be finalized in 40 days. Plaintiffs respectfully request that this Honorable Court vacate all dates currently set on calendar for this case." (Pls.' Notice of Settlement, ECF No. 10.)

Therefore, a dispositional document shall be filed no later than July 28, 2014. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

   Further, the Status Conference scheduled for hearing on July 21, 2014, is continued to commence at 9:00 a.m. on August 18, 2014, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

   IT IS SO ORDERED.

Dated:  June 17, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).